Brice
v.
\Vanderhyden.

BRICE *vs.* VANDERHEYDEN & COON.

*Trover* for personal property is a *local* action; *trespass* for an injury to personal property is *transitory.*

THE plaintiff moved to amend his declaration by changing the venue, the action being *trover* for the taking property, and he having by mistake laid the venue in a county where the cause of action did not arise.

February 21.    *By the Court,* SAVAGE, Ch. J. The statute on this subject is somewhat obscure. It enacts that issues of fact shall be tried in the proper county, as follows : 1. Actions for the recovery of *real estate,* &c. shall be tried in the county where the subject of the action shall be situated. 2. Actions of trespass for injuries to the *person,* and actions *on the case* for injuries to the person or personal property shall be tried in the county where the cause of action arose. 2 *R. S.* 409, § 2. *Trover* is an action *on the case,* and the venue in it therefore must be laid in the county where the cause of action arose. *Trespass* for an injury to personal property is *transitory.*

Motion granted.

---

ANON.

Instead of an *alternative mandamus* to a court of common pleas to vacate a rule ordered by it, this court in the first instance grants *an order to shew cause.*

February 21.    ON a motion for an alternative mandamus to a court of common pleas to vacate a rule granted by it, the CHIEF JUSTICE announced that the judges, on consultation, had come to the conclusion for the future, on applications of this kind, if a *prima facie* case was made out, to grant a rule for the common pleas to shew cause, instead of awarding an *alternative mandamus;* and accordingly such order was made in this case.